**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4093**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

GERALD LEE CUNNINGHAM,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:10-cr-00605-TLW-1)

_____

Submitted:  July 19, 2011                   Decided:   July 29, 2011

_____

Before DUNCAN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Jimmie Ewing, William Day, Assistant United
States Attorneys, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Lee Cunningham pled guilty, pursuant to a written plea agreement, to one count of copyright infringement, in violation of 17 U.S.C.A. § 506(a) (West 2006 & Supp. 2011) and 18 U.S.C.A. § 2319(b)(1) (West Supp. 2011), and was sentenced to fifteen months' imprisonment. In the plea agreement, Cunningham reserved the right to challenge the district court's denial of the motion to suppress evidence seized from his vehicle. On appeal, Cunningham challenges the district court's denial of the motion to suppress, arguing that his Fourth Amendment rights were violated in various ways. We affirm.

In reviewing the district court's denial of Cunningham's suppression motion, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). Because the district court denied Cunningham's motion, we review the evidence in the light most favorable to the Government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). We also defer to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend.

IV. "[T]he protections of the Fourth Amendment[, however,] do not bear on every encounter between a police officer and a member of the public; it is only when a 'search' or a 'seizure' has occurred that the Fourth Amendment comes into play." United States v. McCoy, 513 F.3d 405, 411 (4th Cir. 2008). A "seizure does not occur simply because a police officer approaches an individual and asks a few questions." Florida v. Bostick, 501 U.S. 429, 434 (1991). Rather, a seizure warranting protection of the Fourth Amendment occurs when, under the totality of the circumstances, "a reasonable person would not feel free to leave or otherwise terminate the encounter" with the police. United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002).

Cunningham argues that he was unlawfully seized, in violation of the Fourth Amendment, when law enforcement officers approached him in a vacant lot and one of the officers began asking him questions after observing Cunningham standing next to a vehicle and speaking with a known drug dealer. After reviewing the transcript of the suppression hearing, we conclude that the record amply supports the district court's finding that this encounter between Cunningham and the officers was a consensual police-citizen encounter that does not trigger Fourth Amendment scrutiny. See id. at 310 (listing factors appropriate for consideration in reviewing whether a seizure has occurred).

3

Cunningham also challenges the district court's finding that he voluntarily consented to the search of the vehicle. We conclude, however, that the facts of the encounter between Cunningham and the officers confirm that Cunningham consented to the search of the vehicle and that such consent was voluntarily given. See Schneckloth v. Bustamonte, 412 U.S. 218, 219, 227 (1973) (recognizing that consent is an exception to the warrant requirement and that voluntariness of consent depends on the totality of the circumstances); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc) (listing factors appropriate for consideration in reviewing whether consent was voluntarily given).

Cunningham also argues that, even assuming his consent to search the vehicle was valid, law enforcement was not authorized to search through and seize a brown box and bags found in the vehicle during the search. Again, we disagree. "[W]hen a suspect gives his general and unqualified consent for an officer to search a particular area, the officer does not need to return to ask for fresh consent to search a closed container located within that area." United States v. Jones, 356 F.3d 529, 534 (4th Cir. 2004). A suspect's "general consent to a search permits the opening of closed but unlocked containers found in the place as to which consent was given." United States v. Gant, 112 F.3d 239, 243 (6th Cir. 1997)

4

(internal quotation marks and alteration omitted). Cunningham gave his unqualified consent for a law enforcement officer to search the vehicle, thus permitting the officer to search the bags and box located inside it. Further, because Cunningham consented to the search of the vehicle, and it is undisputed that the contents of the bags and box readily appeared incriminating, the seizure of these items was authorized under the plain-view doctrine. See United States v. Jackson, 131 F.3d 1105, 1109 (4th Cir. 1997) (stating that the warrantless seizure of incriminating evidence is authorized under the plain-view doctrine where the officer is lawfully in a place from which the object may be viewed and has a lawful right to access the object and where the object's incriminating character is immediately apparent).

Because the district court did not err in denying the motion to suppress, we affirm the court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5